**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-01153-MSK-KLM

**WILDEARTH GUARDIANS,**

     **Plaintiff,**

v.

**IRG BAYAUD, LLC,
BRENT ANDERSON, and
CITY AND COUNTY OF DENVER,**

     **Defendants.**

---

**OPINION AND ORDER ON MOTION FOR INTERVENTION**

---

THIS MATTER comes before the Court on the Putative Intevenor the Colorado

Department of Public Health and Environment's (CDPHE) Motion to Intervene (**# 90**), the

Defendants, the City and County of Denver (the City), IRG Bayaud, LLC (IRG), and Brent

Anderson's Responses (**# 95, 96**) and the CDPHE's Reply (**# 98**). CDPHE also submitted a Notice

in Response to Hearing (**# 127**) in further support of its request to intervene.

**I.    Background**

Given the limited scope of this Order, the following represents an abbreviated version of

the material facts. Plaintiff WildEarth Guardians ("WildEarth"), a nonprofit organization

dedicated to environmental protection, initiated this lawsuit against Defendants under the Citizens'

provisions of the Clean Water Act (CWA), 33 U.S.C. § 1251 and the Resource Conservation and

Recovery Act (RCRA), 42 U.S.C. § 6972(a)(1)(B). WildEarth's lawsuit alleges that Defendants

violated the terms of a National Pollutant Discharge Elimination System (NPDES) Permit issued

by the CDPHE pursuant to the CWA and the parallel state statute, the Colorado Water Quality

Control Act (WQCA), C.R.S. § 25-8-101, *et seq.*[1] CDPHE seeks to intervene in this action.

In 2006, the CDPHE documented the discharge of contaminated groundwater from former

General Chemical Corporation Facility ("the Site") into the South Platte River.   IRG purchased

the Site in 2008. Following this sale, the CDPHE issued NPDES Permit No. CO-0046329 ("the

Permit") to IRG.   The Permit allows for the limited discharge of pollutants from the Site, but

requires IRG to conduct testing, comply with effluent limitations, and issue monthly reports to the

CDPHE.

From October 2008 through December of 2013, IRG complied, to a disputed degree, with

the Permit.[2] In January of 2014, IRG stopped submitting reports to the CDPHE. Instead, it

submitted a "Withdrawal of Renewal Application" and a "Notice of Withdrawal" to the CDPHE,

requesting that the Permit be discharged.   IRG later sent a letter to CDPHE, stating its belief that

the Permit was expired. The CDPHE responded that the Permit remained in effect.

When the CDPHE refused to terminate the Permit, IRG filed a lawsuit against the CDPHE

in state court seeking, among other relief, a declaratory judgment that the Permit expired and a

hearing to review the CDPHE's conclusions that a discharge of pollutants into the South Platte was

continuing to occur.   As relevant here, in July 2014, District Court for Denver County determined

that 1) the Permit remains in effect and 2) the CDPHE did not abuse its discretion in concluding

that IRG did not meet the requirements for termination of the Permit, because there continued to be

---

[1]     The CWA prohibits any discharge of pollutants into waters of the United States without a permit. *See* 33 U.S.C. § 1311(a). A state may seek the authority to issue permits and manage discharges for waters within the state's territorial boundaries. *See* 33 U.S.C. § 1342(b). Colorado has done so with the Colorado Water Quality Control Act, C.R.S. § 25-8-101, *et seq.*

[2]     In 2009, the City acquired the property, but, pursuant to the agreement of sale, IRG remained responsible for complying with the Permit.

2

a discharge from the Site. IRG has appealed that decision to the Colorado Court of Appeals, and

the Court of Appeals has stayed resolution of the appeal pending further proceedings in this Court.

Meanwhile, WildEarth initiated the instant lawsuit in April of 2014, asserting three claims

against IRG, Mr. Anderson, and the City: (1) IRG and Mr. Anderson violated their NPDES Permit

and thus the CWA; (2) in the alternative, if the Permit is no longer in effect, all Defendants are

illegally discharging pollutants without a permit; and (3) hazardous waste from Defendants' Site is

imminently and substantially endangering the public health and environment in violation of the

Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq*. WildEarth seeks, among other

relief, an order requiring IRG to comply with the Permit. Discovery in this action was completed in

mid-2015, both parties filed dispositive motions by September of 2015 (which the Court has since

denied), and the matter is set for a Pretrial Conference in January 2017.

On October 28, 2015, CDPHE filed a motion to intervene[3]  (**# 91**), seeking intervention

both as a matter of right and, alternatively, for permissive intervention. Simultaneously, it filed a

proposed Complaint in Intervention **(# 90)** that asserted a single claim under state law: that the

Defendants' noncompliance with the Permit constituted a violation of 5 CCR § 1002-61.

Following a discussion of CDPHE's motion at a hearing before this Court on November 2, 2016,

CDPHE modified its request.   It now asserts **(# 127)** that it "seeks to intervene . . . as to the issue

of Defendants' liability under the Clean Water Act outlined in Plaintiff's First Claim for Relief."

The CDPHE also indicates that it wishes to be heard on the scope of any remedy that the Court

might provide upon the Plaintiff's First Claim for Relief.

---

[3]     It also filed a proposed Intervenor Complaint (**# 90**).

Defendants IRG and Mr. Anderson oppose intervention.[4]  They contend that: 1) they would suffer prejudice as a result of the late entry, as discovery would have to be re-opened and further proceedings to accommodate CDPHE will delay the case proceeding to trial; 2) the CDPHE will not be prejudiced if intervention is denied; and 3) the CDPHE's interest is adequately advanced by WildEarth.

## I.    Analysis

Motions to intervene are governed by Fed. R. Civ. P. 24, which includes intervention as a matter of right and permissive intervention. Intervention as a matter of right is proper upon timely application if the intervenor has a statutory right to intervene or an interest relating to the subject matter of the action, and is so situated that disposition of the action may impair the intervenor's ability to protect that interest. Fed. R. Civ. P. 24(a). Permissive intervention may be allowed where a statute grants a conditional right to intervene, or where an intervenor's claim or defense and the action have a common question of law or fact. Fed. R. Civ. P. 24(b). The Tenth Circuit follows a "liberal line in allowing intervention." *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir. 2009).

The Court begins with intervention as a matter of right. In doing so, the Court first addresses whether the motion is timely, which involves examining whether any late intervention will prejudice the non-movant. The Court then turns to the movant's interest in the action's subject matter and whether that interest may be impaired by the action's disposition.[5] *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1188 (10th Cir. 2007) (*en banc*).

---

[4]    WildEarth does not oppose intervention and the City does not appear to have taken a position on the CDPHE's request.

[5]    The CDPHE does not contend that any statute specifically grants them authority to intervene.

A. <u>Timeliness and Prejudice to CDPHE</u>

Timeliness of a motion to intervene is assessed in light of all circumstances presented. *Utah Ass'c. of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). Such factors include the length of time that the movant has known about the case, prejudice to existing parties, prejudice to the movant if intervention is denied, and any other unusual circumstances. *Id.* The timeliness requirement is not meant to punish a late movant, but instead to ensure that the original parties are not prejudiced by a late intervention.   Thus, courts allow intervention where no parties will be disadvantaged and "greater justice could be attained."   *Id.* (*citing Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

IRG and the CDPHE dispute when the CDPHE knew or should have known of its own interest in this litigation. However, in light of this Circuit preference to focus on the potential prejudice to the parties, the Court need not resolve this dispute, and instead examine the second factor, namely, prejudice to IRG.

In its Response to the CDPHE's Motion, IRG contends that it will suffer prejudice by the intervention. Particularly, IRG notes that CDPHE seeks to pursue new arguments and claims beyond those asserted by WildEarth, all of which will delay the impending trial of WildEarth's claims.   This Court is not persuaded that granting a limited leave to intervene will cause prejudice to the Defendants.   If CDPHE's intervention is limited to joining in the claims already asserted by WildEarth (namely, the first claim for relief), there will be no meaningful need for the parties to conduct further discovery, nor will there be any delay in proceeding to trial.   Second, the CDPHE has indicated that its primary purpose in intervening is to be heard regarding IRG's continuing obligations to comply with the Permit and to state its position regarding any injunctive relief the

Court may impose.[6] Such intervention can be accomplished with no material disruption to the current scheduling of this case.

As for IRG's argument that the CDPHE will present new arguments, and consequently, IRG will require additional discovery from the CDPHE, the Court is again unpersuaded. First, the Court assumes that a large part of this discovery was already conducted by the parties during the state court proceeding, and there is no reason why the evidence developed during that case cannot be used here. Second, WildEarth has already advanced arguments here that IRG is in violation of the Permit, and thus, it appears that the Defendants have had a full opportunity during discovery in this case to develop the record with regard to that question. At the November 2, 2016 hearing, this Court inquired of IRG what additional discovery would be necessary if the CDPHE was allowed to intervene, and IRG's failed to articulate a meaningful body of additional evidence that had yet to be unearthed. Accordingly, the Court finds that no prejudice will befall the Defendants if the CDPHE is given limited leave to intervene in this action. The Court turn turns to the remaining two factors.

### B. The CDPHE's Interest

A putative intervenor's interest is measured not in terms of the particular claims before the Court, but in terms of its relationship to the property, transaction, document, or occurrence that is the subject matter of the litigation. *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198-99 (10th Cir. 2010). There is little dispute that the CDPHE has a legally protected interest in the subject matter of this litigation. The claims presented by WildEarth directly involve IRG's

---

[6]     In its Intervenor-Complaint (**# 90**) the CDPHE seeks to add a permit violation claim premised on Colorado law. In the CDPHE's more recent Notice (**# 127**) it appears to abandon that claim. In the event that the CDPHE does indeed intend to assert a state law claim against IRG, the Court finds that the interposing of new claims at this late date would cause some prejudice to the Defendants, warranting denial of intervention to that degree.

alleged violation of a permit issued by the CDPHE, a permit which the CDPHE was forced to

defend in the state lawsuit initiated by IRG. More generally, the CDPHE has an interest in

questions involving its authority to issue binding permits under the CWA and its enforcement of

such permits.

   The more difficult issue is whether the CDPHE's interests will be adequately protected by

WildEarth in this action. "Even if an applicant satisfies [these] requirements of Rule 24(a)(2), it is

not entitled to intervene if its 'interest is adequately represented by existing parties.'" *Tri-State*

*Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068,

1072 (10th Cir. 2015) (*citing San Juan Cnty., Utah v. United States,* 503 F.3d 1163, 1203 (10th

Cir.2007) (en banc)). In this Circuit, the burden on a movant to show its interests will not be

adequately protected by the current party or parties is minimal: to satisfy this element of the

intervention test, a movant need show only that impairment of its substantial legal interest is

possible if intervention is denied. *Clinton*, 255 F.3d at 1253; *see WildEarth Guardians*, 604 F.3d at

1199. However, if the objective of the applicant for intervention is identical to that of one of the

parties, intervention might not be permitted. *Coal. of Arizona/New Mexico Ctys. for Stable Econ.*

*Growth v. Dep't of Interior,* 100 F.3d 837, 845 (10th Cir. 1996).

   *Coalition of Arizona/ New Mexico* provides an illustration of a situation where a movant's

interests could be impaired if the movant was not permitted to intervene.   At the urging of a

private citizen, the U.S. Fish and Wildlife Service (FWS) listing the Mexican Spotted Owl as an

endangered species.   The citizen later successfully sued the FWS to also force it to designate

protected habitat for the owl.   Thereafter, the plaintiffs filed an action challenging the FWS'

listing of the owl as endangered, and the citizen sought to intervene in order to defend the listing

and designation.   The trial court denied the citizen's request to intervene, finding that he lacked a

sufficient legal interest in the listing and designation, but the 10th Circuit reversed, finding that the citizen's personal involvement in litigation seeking to preserve the very same rights that the plaintiff was attempting to undo rendered the citizen's interest in the lawsuit "direct, substantial, and legally protectable."  *Id.* at 842. The court further found that the FWS' participation did not adequately protect the citizen's interest, in that the FWS has broad public interests to consider when formulating its litigation position, and that it was possible that its pursuit of the public interest would cause its position to diverge from that of the citizen.  *Id.* at 845.

Though the facts here are somewhat different – here, a governmental entity seeks to intervene in a private citizens' suit, rather vice-versa – there are nevertheless important parallels to *Coalition of Arizona*.   As in *Coalition*, there are potential circumstances in which WildEarth's litigation position here could diverge from that of CDPHE's.   WildEarth's CWA claims are presented in the alternative: one asserts that the Defendants are in violation of the terms of the Permit, but the other claim asserts that, if the Permit is not in effect, the Defendants are nevertheless liable under the CWA for making discharges without a permit.   If WildEarth were to decide to focus its efforts on the latter claim, CDPHE's interest in asserting Permit-related violations would go unaddressed absent intervention. While this Court does not think that is likely, CDPHE's showing that there is a possibility that it could occur is sufficient to allow limited intervention, particularly when balanced against the minimal prejudice to IRG.[7]

## II.    Conclusion

The Court **GRANTS IN PART** the CDPHE's Motion to Intervene (**# 91**).   The CDPHE is granted leave to intervene in this action, but only on the terms set forth in its November 3, 2016

---

[7]  Having allowed limited intervention under Fed. R. Civ. P. 24(a), the Court does not reach the CDPHE's argument under subsection (b).

notice: that is, it is granted leave to intervene for the purpose of joining WildEarth's First Claim for Relief sounding in violation of the Clean Water Act, including any proceedings as to remedy for such a violation. The motion is **DENIED IN PART** in all other respects, including the CDPHE's intention to proceed on the state-law claim asserted in its proposed Complaint in Intervention. Because the existing parties have already completed discovery with regard to the claim for which CDPHE's intervention is permitted, the Court sees no need to reopen discovery or otherwise delay this case proceeding to trial as scheduled.   In the interests of economy, the Court will not direct the filing of a new Complaint In Intervention; it will deem CDPHE to have joined in WildEarth's First Claim for Relief as set forth in the Second Amended Complaint **(# 39)** and will further deem the Defendants' Answers to that pleading to stand as Answers to CDPHE's claim as well.

DATED this 4th day of November, 2016.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge